No. 20-CV-8748 (PAE)(SN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEON GREATHOUSE,

                                           Plaintiff,

-against-

FREDDIE VASQUEZ, CYRUS VANCE, and CITY OF NEW YORK,

                                           Defendants.

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendants Freddie Vasquez and*
*City of New York*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Alessandra DeCarlo*
*Tel:  (212) 356-2469*
*Matter No. 2020-044036*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... III

TABLE OF CONTENTS ............................................................................................................i

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF RELEVANT FACTS .................................................................................. 2

STANDARD OF LAW ............................................................................................................... 2

ARGUMENT ............................................................................................................................... 4

    POINT I ............................................................................................................................... 4

        **PLAINTIFF'S PURPORTED § 1983 CLAIMS FOR FALSE ARREST AND MUNICIPAL LIABILITY AGAINST DEFENDANTS FREDDIE VASQUEZ AND CITY OF NEW YORK ARE TIME BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS** ............................................................. 4

    POINT II .............................................................................................................................. 5

        **EVEN IF PLAINTIFF'S MUNICIPAL LIABILITY CLAIM WAS TIMELY– WHICH IT IS NOT–IT WAS INADEQUATELY PLED AND THEREFORE MUST FAIL** ............................................................................. 5

    POINT III ............................................................................................................................. 7

        **PLAINTIFF'S MALICIOUS PROSECUTION CLAIM AGAINST DEFENDANT FREDDIE VASQUEZ MUST FAIL AS HE CANNOT SHOW THAT THE CRIMINAL PROCEEDING TERMINATED IN A MANNER WHICH AFFIRMATIVELY INDICATES HIS INNOCENCE** ............................................................................................... 7

    POINT IV ............................................................................................................................. 8

**Page**

**PLAINTIFF'S MALICIOUS PROSECUTION CLAIM AGAINST THE DISTRICT ATTORNEY VANCE FAILS FOR LACK OF PERSONAL INVOLVEMENT AND PURSUANT TO IMMUNITY DOCTRINES**.................................................................8

CONCLUSION............................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**                                                                                                      **Pages**

Amron v. Morgan Stanley Inv. Advisors Inc., 464 F.3d 338 (2d Cir. 2006) ...............................3

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ..............................................................................2, 3

Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) ...............................................................2, 3

City of Canton v. Harris, 489 U.S. 378 (1989) ....................................................................5, 6

City of St. Louis v. Praprotnik, 485 U.S. 112 (1985) ...............................................................5

Colon v. Coughlin, 58 F.3d 865 (2d Cir. 1995) .......................................................................9

Conopco, Inc. v. Roll International, 231 F. 3d 82 (2d Cir. 2000) ..............................................3

Dettelis v. Sharbaugh, 919 F.3d 161 (2d Cir. 2019) ................................................................7

Dory v. Ryan, 25 F.3d 81 (2d Cir. 1994) ................................................................................9

Dwares v. City of New York, 985 F.2d 94 (2d Cir. 1993) .........................................................6

Goldstein v. Pataki, 516 F.3d 50 (2d Cir. 2008) .....................................................................3

Harris v. Mills, 572 F.3d 66 (2d Cir. 2009) ............................................................................3

Hill v. City of New York, 45 F.3d 653 (2d Cir. 1995) ..............................................................9

Jenkins v. City of New York, 478 F.3d 76 (2d Cir. 2007) .........................................................6

Lanning v. City of Glens Falls, 908 F.3d 19 (2d Cir. 2018) ..................................................7, 8

Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit, 507 U.S. 163 (1993) ..................................................................................................................6

Mancuso v. Hynes, 379 F. App'x 60 (2d Cir. 2010) ................................................................3

McCure v. City of Grand Rapids, 842 F.2d 903 (6th Cir. 1988) ...............................................4

Monell v. Dep't of Social Services, 436 U.S. 658 (1978) ......................................................5, 6

Oklahoma City v. Tuttle, 471 U.S. 808 (1985) .......................................................................5

Overhoff v. Ginsburg Dev., LLC, 143 F. Supp. 2d 379 (S.D.N.Y. 2001) ....................................6

Owens v. Okure, 488 U.S. 235 (1989) ..................................................................................4

Pabon v. Wright, 459 F.3d 241 (2d Cir. 2006) .......................................................................3

**Cases** **Pages**

Paige v. Police Dept. of City of Schenectady, 264 F.3d 197 (2d Cir. 2001) ..................................4

Paycom Billing Servs. v. Mastercard Intl, Inc., 467 F.3d 283 (2d Cir. 2006) ...............................3

Pembaur v. City of Cincinnati, 475 U.S. 469 (1986) .....................................................................5

Ricciuti v. N.Y.C. Transit Authority, 941 F.2d 119 (2d Cir. 1991) ................................................5

Sevier v. Turner, 742 F.2d 262 (6th Cir. 1984) .............................................................................4

Singleton v. City of New York, 632 F.2d 185 (2d Cir. 1980) .....................................................4, 8

Sorlucco v. New York City Police Dep't., 971 F.2d 864 (2d Cir. 1992) ........................................5

Wallace v. Kato, 549 U.S. 384 (2007) ............................................................................................4

Williams v. Savory, 87 F. Supp. 3d 437 (S.D.N.Y. 2015) ..............................................................9

Ying Jing Gan v. City of New York, 996 F.2d 522 (2d Cir. 1993) .................................................9


**Statutes**

42 U.S.C. § 1983.............................................................................................................1, 4, 5, 7, 9

Fed. R. Civ. P. 8(a)(2).....................................................................................................................2

Fed. R. Civ. P. 12(b)(6)..........................................................................................................1, 2, 3, 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

| | |
|---|---|
| LEON GREATHOUSE,<br><br>             Plaintiff,<br><br>   -against-<br><br>FREDDIE VASQUEZ, CYRUS VANCE, and CITY OF NEW YORK,<br><br>             Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS PURUSANT TO F.R.C.P. 12(b)(6)**<br><br>20-CV-8748 (PAE)(SN) |

------------------------------------------------------------------------ X

    Defendants Freddie Vasquez and City of New York ("City"), by their attorney, James E. Johnson, Corporation Counsel of the City of New York, and District Attorney Cyrus Vance, by his attorney, Assistant District Attorney Elizabeth Krasnow, respectfully submit this Memorandum of Law in support of their joint motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

    Plaintiff Leon Greathouse brings this action under 42 U.S.C. § 1983 alleging claims against Freddie Vasquez, District Attorney Cyrus Vance, and the City of New York stemming from his arrest that occurred on June 12, 2000. Specifically, plaintiff alleges federal claims of false arrest and malicious prosecution against defendant Freddie Vasquez; a federal claim of malicious prosecution against the District Attorney; and a federal claim of municipal liability against defendant City. Defendants now jointly move to dismiss plaintiff's complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that (1) plaintiff's claims for false arrest and municipal liability against defendants Freddie Vasquez and the City are time barred; (2) even if plaintiff's municipal liability claim against defendant City was timely, it was inadequately pled and therefore must fail; (3) plaintiff's malicious prosecution claim against

defendant Freddie Vasquez must fail as he cannot show that the criminal proceeding terminated in a manner which affirmatively indicates his innocence; and (4) plaintiff's malicious prosecution claim against the District Attorney fails for lack of personal involvement and pursuant to immunity doctrines.

## STATEMENT OF RELEVANT FACTS

On October 19, 2020, plaintiff Leon Greathouse brought this action against defendants Freddie Vasquez, District Attorney Cyrus Vance, and the City of New York. See Complaint, Docket Entry No. 2. Plaintiff alleges, *inter alia*, that on June 12, 2000, he was unlawfully arrested and arraigned on a charge of Murder in the Second Degree. See id. at ¶¶12-13. Plaintiff was subsequently convicted in two unrelated criminal cases and alleges that, during his incarceration on those convictions, he was produced to Manhattan criminal court multiple times for appearances on the murder case. See id. at ¶¶16-25. Plaintiff further alleges that the murder case was dismissed on October 19, 2017. See id. at ¶31.

## STANDARD OF LAW

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed "for failure of the pleading to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under this standard, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (2009). In applying this standard of facial plausibility, a court must take all "factual allegations to be true and draw[s] all

reasonable inferences in the plaintiff's favor," see Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009); however, the court may not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." Iqbal, 556 U.S. at 678.

Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Twombly, 550 U.S. at 555. A party's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotations and citations omitted). Consistent with the holdings in Iqbal and Twombly, the Second Circuit has noted that a plaintiff must "provide grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008).

Moreover, conclusory statements cannot "substitute for minimally sufficient factual allegations." Paycom Billing Servs. v. Mastercard Intl, Inc., 467 F.3d 283, 289 (2d Cir. 2006) (internal quotation marks omitted); see Amron v. Morgan Stanley Inv. Advisors Inc., 464 F.3d 338, 344 (2d Cir. 2006) (noting that "bald assertions and conclusions of law will not suffice" to defeat a motion to dismiss). Furthermore, a motion under Rule 12(b)(6) should be granted if an affirmative defense, or other reason barring relief, is apparent from the face of the complaint. Conopco, Inc. v. Roll International, 231 F. 3d 82, 86–87 (2d Cir. 2000).

A *pro se* litigant's complaint is entitled to liberal interpretation and may be read as raising the strongest arguments that it suggests. Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006). Nevertheless, a *pro se* complaint must be dismissed if it fails to satisfy the plausibility standard set forth in Iqbal. Mancuso v. Hynes, 379 F. App'x 60, 61 (2d Cir. 2010). Under the most liberal interpretation, plaintiff's complaint fails as a matter of law.

## ARGUMENT

### POINT I

**PLAINTIFF'S PURPORTED § 1983 CLAIMS FOR FALSE ARREST AND MUNICIPAL LIABILITY AGAINST DEFENDANTS FREDDIE VASQUEZ AND CITY OF NEW YORK ARE TIME BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.**
_____

The statute of limitations for actions brought under 42 U.S.C § 1983 claims is three years. Owens v. Okure, 488 U.S. 235, 250-51 (1989); Paige v. Police Dept. of City of Schenectady, 264 F.3d 197, 199, n.2 (2d Cir. 2001). A § 1983 claim accrues at the time the plaintiff knows or has reason to know of the injury which is the basis of his action. Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980), cert. denied, 450 U.S. 920 (1981). "[A] plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." McCure v. City of Grand Rapids, 842 F.2d 903, 905 (6th Cir. 1988), citing Sevier v. Turner, 742 F.2d 262, 272 (6th Cir. 1984). As such, a Fourth Amendment false arrest claim brought under §1983 accrues when the plaintiff is detained pursuant to legal process—such as when he is arraigned or bound over by a magistrate for trial. Wallace v. Kato, 549 U.S. 384, 388-89 (2007). Additionally, like his false arrest claim, plaintiff's claim for municipal liability is similarly subject to the three-year statute of limitations. Here, the Court must dismiss plaintiff's claims for false arrest and municipal liability brought under § 1983 because plaintiff was arraigned on June 12, 2000 and did not file the Complaint in this matter until October 19, 2020, more than *seventeen years* after the statute of limitations had expired. Accordingly, plaintiff's claims for false arrest and municipal liability are time barred.

POINT II

**EVEN IF PLAINTIFF'S MUNICIPAL LIABILITY CLAIM WAS TIMELY–WHICH IT IS NOT–IT WAS INADEQUATELY PLED AND THEREFORE MUST FAIL.**

Even assuming, arguendo, that plaintiff's claim for municipal liability against defendant City was not time barred, plaintiff has nonetheless failed to properly plead a claim for municipal liability. To hold a municipality liable as a "person" within the meaning of 42 U.S.C. § 1983, a plaintiff must establish that the municipality itself was somehow at fault. Oklahoma City v. Tuttle, 471 U.S. 808, 810 (1985); Monell v. Dep't of Social Services, 436 U.S. 658, 690–91 (1978) (liability exists only where "action pursuant to official municipal policy of some nature caused a constitutional tort"). A municipality may not be held liable solely on the basis of respondeat superior. Monell, 436 U.S. at 693-95; Ricciuti v. N.Y.C. Transit Authority, 941 F.2d 119, 122 (2d Cir. 1991). Rather, a plaintiff must show "a direct causal link between a municipal policy or custom, and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385 (1989).

To prevail on his Monell claim against the City, plaintiff must demonstrate one of the following: (1) the existence of a formal policy, officially promulgated or adopted by a municipality, Monell, 436 U.S. at 690; (2) that the official(s) responsible for establishing policy with respect to the subject matter in question took specific action that caused the alleged violation of the plaintiff's rights, Pembaur v. City of Cincinnati, 475 U.S. 469, 483–84 (1986) (plurality opinion); (3) the existence of an unlawful practice by subordinate officials so permanent and well settled to constitute "custom or usage," with proof that this practice was so manifest as to imply the acquiescence of policy-making officials, City of St. Louis v. Praprotnik, 485 U.S. 112, 127-30 (1985) (plurality opinion); Sorlucco v. New York City Police Dep't., 971

5

F.2d 864, 871 (2d Cir. 1992); or (4) a failure to train or supervise that amounts to "deliberate indifference" to the rights of those with whom the municipality's employees interact. City of Canton v. Harris, 489 U.S. 378, 388 (1989); Jenkins v. City of New York, 478 F.3d 76, 94 (2d Cir. 2007).

Where a complaint fails to identify the existence of any municipal policy, custom, or failure to train that caused the alleged constitutional violation, any claims against the municipality must be dismissed. See, e.g., Overhoff v. Ginsburg Dev., LLC, 143 F. Supp. 2d 379, 389 (S.D.N.Y. 2001) (dismissing complaint against municipality pursuant to Rule 12(b)(6) where plaintiff alleged that the municipality's policies were not enforced, calling such allegations the "antithesis" of a Monell claim). Here, the complaint does not contain a single factual allegation concerning defendant City, nor is there a single allegation, even in boilerplate fashion, concerning any alleged policy or practice which caused any alleged constitutional violation.

To the extent plaintiff purports to bring his municipal liability claim against defendant City under a "failure to train" theory, this must fail as well. Plaintiff's complaint contains no factual allegations against the City of New York or against any individual defendant. "The simple recitation that there was a failure to train municipal employees does not suffice to allege that a municipal policy or custom caused the plaintiff's injury." Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993), overruled on other grounds by Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit, 507 U.S. 163, 164 (1993).

In sum, even if plaintiff's claim for municipal liability was timely–which it is not– because plaintiff has failed to allege, even in boilerplate fashion, the existence of a municipal

6

custom or policy, or a failure to train by the City of New York, plaintiff's § 1983 municipal liability claim against defendant City must fail as a matter of law.

## POINT III

**PLAINTIFF'S MALICIOUS PROSECUTION CLAIM AGAINST DEFENDANT FREDDIE VASQUEZ MUST FAIL AS HE CANNOT SHOW THAT THE CRIMINAL PROCEEDING TERMINATED IN A MANNER WHICH AFFIRMATIVELY INDICATES HIS INNOCENCE.**

To prove a 42 U.S.C. § 1983 claim for malicious prosecution, a plaintiff must prove "both a violation of his rights under the Fourth Amendment and the elements of a malicious prosecution claim under state law." Dettelis v. Sharbaugh, 919 F.3d 161, 163 (2d Cir. 2019) (internal quotations omitted). "Federal law defines the elements of a § 1983 malicious prosecution claim, and [] a State's tort law serves only as a source of persuasive authority rather than binding precedent in defining these elements." See Lanning v. City of Glens Falls, 908 F.3d 19, 25 (2d Cir. 2018). Under the Fourth Amendment, a malicious prosecution claim requires proving the "perversion of proper legal procedures implicating [the plaintiff's] personal liberty and privacy interests[.]" Id. at 24. The elements of a malicious prosecution claim, borrowed from New York law, are: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for the defendant's actions." Dettelis, 919 F.3d at 163–64.

In Lanning, the Second Circuit held that "a plaintiff asserting a malicious prosecution claim under § 1983 must [] show that the underlying criminal proceeding ended in a manner that affirmatively indicates his innocence." Lanning, 908 F.3d at 22. This standard requires that "the prosecution terminated in some manner indicating that the person was not

7

guilty of the offense charged," based on the "merits" rather than "on any number of procedural or jurisdictional grounds." Id. at 26, 28 (quoting Singleton v. City of New York, 632 F.2d 185, 194–95 (2d Cir. 1980)). No single type of disposition is necessary or sufficient, but the termination should be "measured in objective terms by examining the totality of the circumstances." Id. at 28. Specifically, the Second Circuit held that plaintiff "did not adequately plead that the termination of the prosecutions against him affirmatively indicated his innocence." Id. at 22. According to the Second Circuit, the plaintiff in Lanning alleged merely that "the charges against him 'were dismissed' at some point after a jury trial, without specifying how or on what grounds . . . . This vague allegation is consistent with dismissal on any number of procedural or jurisdictional grounds, all of which fail to affirmatively indicate innocence." Id.

Here, plaintiff's Complaint asserts that on October 19, 2017, the criminal prosecution was "dismissed" against him without any further indication that the dismissal affirmatively indicates his innocence. As such, under the prevailing case law, this termination is not favorable to plaintiff, and therefore he cannot prove the favorable termination element of his malicious prosecution claim.

### POINT IV

**PLAINTIFF'S MALICIOUS PROSECUTION CLAIM AGAINST THE DISTRICT ATTORNEY VANCE FAILS FOR LACK OF PERSONAL INVOLVEMENT AND PURSUANT TO IMMUNITY DOCTRINES.**

Plaintiff has named the District Attorney as a defendant only with respect to his claim for malicious prosecution. Complaint, Docket Entry No. 2, at p. 8-9. However, there are no facts pled in the complaint to suggest that the District Attorney, who oversees the entire office, was personally involved in plaintiff's prosecution. Indeed, given the year in which the murder charge was filed, which predates Mr. Vance's appointment to District Attorney in 2010 by a decade, it is

clear that he would have played no role in the initiation of plaintiff's prosecution. Because liability under § 1983 must be premised on a defendant's personal involvement in the alleged constitutional violation, see Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995), plaintiff's malicious prosecution claim against the District Attorney must be dismissed.

But, even if plaintiff had plausibly alleged the involvement of the District Attorney in his prosecution, the District Attorney would be immune from suit under the same constitutional and common law immunity doctrines that apply to the individual Assistant District Attorney(s) who did handle the prosecution. This is so regardless of whether the District Attorney is named in his official or individual capacity. A prosecutor sued in his official capacity for conduct arising from the handling of a state prosecution is considered to be a state official and is protected by the same Eleventh Amendment immunity that belongs to the state, itself. See, e.g., Ying Jing Gan v. City of New York, 996 F.2d 522, 536 (2d Cir. 1993) (applying Eleventh Amendment immunity to a state prosecutor sued in his official capacity for conduct relating to the prosecution of a criminal case). And, a prosecutor sued in his individual capacity is shielded by absolute immunity for "virtually all acts, regardless of motivation," that are associated with his judicial function. Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994); see also Hill v. City of New York, 45 F.3d 653, 662 (2d Cir. 1995) (applying absolute immunity to a state prosecutor sued in his individual capacity for conduct relating to the prosecution of a criminal case); Williams v. Savory, 87 F. Supp. 3d 437, 455 (S.D.N.Y. 2015) (same) (Engelmayer, J.). Because plaintiff's claim fails irrespective of the District Attorney's involvement in his prosecution, his claim should be dismissed.

**CONCLUSION**

For the foregoing reasons, defendants Freddie Vasquez, District Attorney Cyrus Vance, and the City of New York respectfully request that the Court grant defendants' motion to dismiss in its entirety, together with such other and further relief the Court deems just and proper.

Dated:   New York, New York
         May 7, 2021

                                        JAMES E. JOHNSON
                                        Corporation Counsel of the
                                        City of New York
                                        *Attorney for Defendants Freddie Vasquez*
                                        *and City of New York*
                                        100 Church Street
                                        New York, New York 10007

                              By:       _____
                                        Alessandra DeCarlo
                                        *Assistant Corporation Counsel*


                              By:       _____
                                        Elizabeth Krasnow
                                        *Assistant District Attorney on behalf of*
                                        *defendant Cyrus Vance*


CC:  **VIA FIRST-CLASS MAIL**
     Leon Greathouse
     *Pro se* plaintiff
     527 W. 151st Street, Apt. 7
     New York, NY 10031