UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEON GREATHOUSE,

                Plaintiff,

-v-

FREDDY VASQUEZ *et al.*,

                Defendants.

20 Civ. 8748 (PAE) (SN)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Currently pending is a motion to dismiss *pro se* plaintiff Leon Greathouse's ("Greathouse") complaint, claiming false arrest and malicious prosecution against New York Police Department Detective Freddie Vasquez ("Vasquez"), malicious prosecution against District Attorney Cyrus Vance in his official capacity ("D.A. Vance"), and municipal liability against the City of New York (the "City"). Dkts. 27, 32 ("Motion"). On May 11, 2021, this Court referred the Motion to the Hon. Sarah Netburn, United States Magistrate Judge, for a report and recommendation. Dkt. 29. Before the Court is the December 20, 2021 Report and Recommendation of Judge Netburn, recommending that the Court (1) grant the motion to dismiss Greathouse's false arrest claim against Vasquez, malicious prosecution claim against D.A. Vance, and municipal liability claim against the City of New York, and (2) deny the motion to dismiss Greathouse's malicious prosecution claim against Vasquez. Dkt. 50 ("Report"). The Court incorporates by reference the summary of the facts provided in the Report. For the following reasons, the Court adopts the Report's recommendation.

**DISCUSSION**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Netburn's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "[t]he parties shall have fourteen days from the service of this Report and Recommendation to file written objections," and that "failure to file these timely objections will result in a waiver of those objections for purposes of appeal," Report at 13, the parties' failure to object operates as a waiver of appellate review.[1] *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court grants the motion to dismiss Greathouse's false arrest claim against Vasquez, malicious prosecution claim against D.A. Vance, and municipal

---

[1] The Report was mailed to Greathouse on December 20, 2021. *See* unnumbered docket entries following Dkt. 50. Service was therefore complete "upon mailing" on December 20, 2021. *See* Fed. R. Civ. P. 5(b)(2)(C). Under Federal Rule of Civil Procedure 6(d), "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), . . . 3 days are added after the period would otherwise expire." This made Greathouse's objection period expire on January 6, 2022.

liability claim against the City of New York, and denies the motion to dismiss Greathouse's malicious prosecution claim against Vasquez. This case will now proceed to discovery under the able supervision of Judge Netburn.

    SO ORDERED.

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

Dated: January 7, 2022
       New York, New York