```
IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
LEON GREATHOUSE,                                             :
                                                             :
                                Plaintiff,                   :                    PROTECTIVE ORDER
                                                             :
                                                             :                    20 Civ. 8748 (PAE) (SN)
            -against-                                        :
                                                             :
FREDDIE VASQUEZ,                                             :
                                                             :
                                Defendants.                  :
-------------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/13/2022

**WHEREAS**, the parties to this action will be required to produce certain documents and information that they deem to be confidential or otherwise inappropriate for public disclosure;

**WHEREAS**, the parties seek to ensure that the confidentiality of these documents and information remains protected; and

**WHEREAS**, good cause therefore exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**THE COURT HEREBY ORDERS THAT**:

**1.** As used herein, "Action" shall mean the action captioned *Leon Greathouse v. Freddie Vasquez*, No. 20 Civ. 8748 (PAE) (SN), filed in the United States District Court for the Southern District of New York.

**2.** "Confidential Materials" shall mean:[1]

---

[1] The identification of any specific documents in Paragraph 2 does not waive the right of any Party to interpose objections concerning such documents, including to their production in this Action.

(a) New York City Policy Department ("NYPD") employment/personnel-related records for Defendants, including performance evaluations, and disciplinary records/histories, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, such as the Internal Affairs Bureau, the Civilian Complaint Review Board, or other governmental agencies;

(b) Plaintiff's medical records;

(c) a list from the NYPD that identifies plaintiff's prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests; and

(d) other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Material" by the parties or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent that they are obtained by the parties pursuant to the New York Freedom of Information Law ("FOIL") or are otherwise publicly available.

3. As used herein, "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential, and "Receiving Party" shall mean any party who is not the "Producing Party," as defined herein, for that document or information.

4. A Receiving Party and that party's attorneys shall not use Confidential Materials produced in discovery in the Action for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in the Action.

5. Attorneys for a Receiving Party shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

    a. Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Action.

    b. Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

    c. Defendant's attorneys may also disclose the Confidential Materials to the NYPD, the New York City Comptroller's Office, and the New York City Mayor's Office, solely in connection with the defense or settlement of this Action.

    d. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or to a witness at a deposition), the Receiving Party's attorney shall provide each such person with a copy of this Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the Action. The attorneys for a Receiving Party making such disclosure shall retain the signed consent and furnish a copy to the Producing Party's attorney upon request at a deposition or immediately before trial, although the name of an expert that the Receiving Party does not intend to call as a trial witness may be redacted from such a consent before it is produced.

    e. Disclosure of medical records deemed "Confidential" under this Stipulation of Confidentiality and Protective Order may also be made to any individual who provided the treatment described in the records or to a member of the staff of the hospital, doctor's office, or medical provider where the treatment was rendered.

6. The Producing Party shall, in good faith, designate documents "Confidential Materials" by labeling such documents "Confidential" and by identifying such documents by Bates number in a writing directed to the Receiving Party. The Producing Party shall contact the

Receiving Party upon receipt of documents from third parties and shall have 30 days, unless otherwise agreed upon in writing, to inspect and so designate the documents received from third parties prior to production to the Receiving Party, but such inspection and designation shall not delay production to the Receiving Party. An agreement to an extension of time to produce shall not be unreasonably withheld by the Receiving Party.

7. Documents produced by a non-party pursuant to a subpoena in this Action and that are designated as Confidential Material by the Producing Party shall be governed by the terms of this Stipulation of Confidentiality and Protective Order.

8. The Producing Party reserves the right to designate any document confidential pursuant to this Stipulation of Confidentiality and Protective Order, if necessary, after production of such documents to the Receiving Party.

9. Inadvertent production of any document or information that is privileged, confidential, and/or was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or confidentiality or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of the Producing Party's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

10. The Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and with a cover page prominently mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter

and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that party's counsel.

**11.** If a Receiving Party objects to the designation of any Confidential Materials as confidential, he or she shall state such objection in writing to counsel for the Producing Party, and counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting party shall, within 45 days of the initial objection, request the Court to remove the designation. Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

**12.** Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request, or shall make an application to the Court to have the "Confidential Materials" designation removed from the relevant materials, pursuant to Paragraph "11" of this Stipulation of Confidentiality and Protective Order. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the rules applicable to filing under seal of the judge to whom the papers are directed.

**13.** Where the parties agree in writing that the confidential information is not material to issues addressed in court submissions and that the redaction of personal, confidential and/or identifying information is both necessary and sufficient to protect the interests of parties or non-parties, Plaintiff and Defendant may file redacted documents without further order of the Court. In

addition, where reasonable advance notice is given by the Receiving Party and the parties agree in writing to the use of the confidential information in support of a motion for summary judgment or any other dispositive motion by the Receiving Party, or at a trial on the merits in this matter, such information will not be subjected to the instant protective order.  In the event that the Confidential Materials may be disclosed at a hearing or at trial, the Court may impose appropriate safeguards for the presentation of such Confidential Materials.

    **14.** Nothing in this Stipulation of Confidentiality and Protective Order shall be construed to limit a Producing Party's use of its own Confidential Materials in any manner, or to limit the use of Confidential Materials or their contents to the extent that they are publicly available or have been provided to a party through other lawful means, such as a FOIL request.

    **15.** This Stipulation of Confidentiality and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by the Receiving Party for any purpose without prior Court approval.

    **16.** Upon the final disposition of this Action, the respective Producing Parties shall advise each Receiving Party whether they wish for all "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), to be either (i) returned at the Producing Party's expense to the Producing Party's attorneys or, (ii) destroyed.  In the event the Producing Party selects option

(ii), above, all persons who possessed such materials shall verify their destruction by affidavit furnished to the Producing Party's attorney. Notwithstanding this provision, the Receiving Party may retain a copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Materials, so long as appropriate safeguards are imposed to prevent the use of any copies for any purpose. Any such copies that contain or constitute Confidential Materials remain subject to this Stipulation of Confidentiality and Protective Order.

17. Nothing in this Stipulation of Confidentiality and Protective Order limits the right of any party to seek modification of this order by the Court in the future.

18. The Court will retain jurisdiction over all persons subject to this Stipulation of Confidentiality and Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

19. This Stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

20. The terms of this Stipulation of Confidentiality and Protective Order shall be binding upon all current and future parties to this Action and their counsel.

21. This Stipulation of Confidentiality and Protective Order may be executed in counterparts, when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts,

shall constitute one Stipulation and Protective Order, which shall be binding upon and effective as to all Parties.

By: /s/ Bonita Robinson
**Patterson Belknap Webb & Tyler LLP**
James V. Masella III
Bonita Robinson
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

Counsel for Plaintiff

By: /s/ Elida M. Alfaro
**New York City Law Department**
Elida Alfaro
Assistant Corporation Counsel
100 Church St., Rm. 3-170
New York, New York 10007
(212) 356-2334

Counsel for Defendants

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: June 13, 2022
       New York, New York